UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTY SIMMONDS,

       Petitioner,

v.   Case No. 3:17-cv-1143-J-32JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

## ORDER

**I.   Status**

Petitioner, Dusty Simmonds, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which she is serving a thirty-year term of incarceration. Id. at 1. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 10 (Resp.).[1] Petitioner declined to file a reply. Doc. 12. This case is ripe for review.

---

[1] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

## II. <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On August 11, 2005, a jury found Petitioner guilty of first degree arson.[2] Resp. Ex. B at 220. On September 8, 2005, the trial court adjudicated her as a habitual felony offender and sentenced her to a thirty-year term of incarceration. Id. at 240. On December 20, 2006, the First District Court of Appeal per curiam affirmed Petitioner's judgment of conviction without a written opinion. Resp. Ex. J. Her judgment and sentence became final ninety days later on March 20, 2007. Her federal one-year statute of limitations began to run the next day, March 21, 2007.

Petitioner's one-year period ran for 121 days, until it was tolled on July 20, 2007, when she filed her first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Resp. Ex. K at 1. Petitioner's statute of limitations remained tolled when the trial court denied the Rule 3.850 motion

---

[2] The jury found her not guilty of another count of second degree arson. Resp. Ex. A at 221.

3

without prejudice to her filing an amended motion on August 8, 2007, id. at 8, and when she filed her amended Rule 3.850 motion on September 6, 2007, id. at 13. See Bates v. Sec'y, Dep't of Corr., 964 F.3d 1326, 1328 (11th Cir. 2020) (holding "the one-year limitations period [is] tolled the day a petitioner filed a procedurally noncompliant Rule 3.850 motion if he was permitted and did later file a compliant motion"). The trial court summarily denied the amended Rule 3.850 motion on October 19, 2007, Resp. Ex. K at 25, and Petitioner timely appealed, id. at 53; see also Simmonds v. State, No. 1D07-6597 (Fla. 1st DCA).

While Petitioner's appeal in No. 1D07-6597 was pending, Petitioner filed in the trial court a motion to correct illegal sentence under 3.800(a) on August 1, 2008. Resp. Ex. M at 1. The trial court denied her Rule 3.800(a) motion on August 14, 2008, id. at 3, and Petitioner appealed, id. at 5; Simmonds v. State, No. 1D08-4811 (Fla. 1st DCA). While Petitioner's appeal in No. 1D08-4811 was pending, on October 7, 2008, the First DCA issued its mandate in No. 1D07-6597, affirming the trial court's denial of Petitioner's amended Rule 3.850 motion. Resp. Ex. L at 7. Thereafter, on May 15, 2009, the First DCA issued its mandate in No. 1D08-4881, affirming the trial court's denial of Petitioner's Rule 3.800(a) motion. Resp. Ex. N at 6. The issuance of this second mandate un-tolled Petitioner's one-year limitations period, and it resumed running the next day, May 16, 2009.

Another 115 days of un-tolled time, for a total of 236 days, went by until Petitioner filed a state petition for writ of habeas corpus on September 8, 2009.[3] Resp. Ex. O. On February 2, 2011, the trial court dismissed the petition. Resp. Ex. P. Petitioner had thirty days, until March 4, 2011, to file a notice of appeal. See Fla. R. Crim. P. 3.850(k). When she failed to seek an appeal, her federal limitations period began running again the next day, March 5, 2011.

Petitioner's one-year limitations period then ran for another 3 days, for a total of 239 days, until Petitioner filed a Rule 3.800(c) motion on March 8, 2011. Resp. Ex. Q. While Petitioner's Rule 3.800(c) motion was still pending, on September 6, 2013, Petitioner, through counsel, filed another Rule 3.850 motion based on a claim of newly discovered evidence. Resp. Ex. S. On April 26, 2016, the trial court dismissed with prejudice Petitioner's Rule 3.800(c) motion. Resp. Ex. R. Petitioner did not appeal the denial, and her time for doing so expired on May 26, 2016.

On May 13, 2016, the trial court summarily denied Petitioner's Rule 3.850 newly discovered evidence motion. Resp. Ex. T. Over 8 months later, on February 9, 2017, Petitioner filed a pro se notice of appeal challenging the Rule

---

[3] Respondents argue Petitioner's September 8, 2009; March 8, 2011; and September 6, 2013, state postconviction filings did not toll her federal one-year period because they were unauthorized and/or untimely. Resp. at 6. However, the Petition is untimely regardless of the "properly filed" status of those motions. Thus, for purposes of this Order, the Court assumes these filings tolled Petitioner's federal statute of limitations.

3.850 denial. Resp. Ex. U. On February 16, 2017, the First DCA sua sponte ordered Petitioner to show cause why her appeal should not be dismissed as untimely. Id. And on May 3, 2017, the First DCA per curiam dismissed Petitioner's appeal. Id. The mandate was issued on May 31, 2017. Id.

Because Petitioner's February 9, 2017, notice of appeal was dismissed as untimely, it was not a "properly filed" pleading that statutorily tolled her one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that a state postconviction motion that is rejected by the state court as untimely filed is not "properly filed" for purposes of § 2244(d)(2)); Cardona v. Sec'y Dept. of Corr., No. 8:13-cv-2119-T-33-MAP, 2015 WL 1880765, *2 (M.D. Fla. Apr. 24, 2015). As such, following the denial of her Rule 3.850 motion, Petitioner's one-year recommenced on June 13, 2016, when the time for filing a timely notice of appeal expired.[4] With 239 days having previously elapsed, Petitioner's one-year limitations period expired 126 days later, on October 17, 2016. Therefore, the Court finds that the Petition, filed on October 9, 2017, is untimely filed. Likewise, even assuming Petitioner's one-year period was tolled until the First DCA issued its mandate dismissing her appeal on May 31, 2017, her one year would have expired 126 days later on October 5, 2017, and thus, the Petition still would be deemed untimely filed.

---

[4] The thirtieth day fell on a Sunday, June 12, 2016, so the appeal period continued to run until the following Monday. See Fed. R. Civ. P. 6(1)(C).

Petitioner does not argue that she is entitled equitable tolling, and she fails to allege any factual allegations supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). To the extent Petitioner argues she is entitled to equitable tolling because her postconviction attorney failed to advise her to appeal the trial court's order denying her newly discovered evidence claim, her subsequent actions do not demonstrate due diligence. Indeed, she fails to explain why she waited an additional 159 days to file the Petition once the First DCA dismissed her pro se appeal as untimely. These circumstances do not warrant equitable tolling

Further, to the extent Petitioner relies on the newly discovered evidence claim presented in Ground One of the Petition to support the miscarriage of justice/actual innocence exception to the time bar, that claim is also unpersuasive. To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner

7

must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

In her newly discovered evidence claim, Petitioner asserts that since her trial, state witness Harry Walker has confessed to three people that he testified falsely at Petitioner's trial in exchange for a non-habitualized sentence in his drug case. Doc. 1 at 3. Petitioner raised this exact claim in her September 6, 2013, Rule 3.850 motion, and supported the allegations with affidavits from Marcus Brown, Glen Kilpatrick, and Danita Cherry who all asserted that Walker admitted to them that he lied at Petitioner's trial. Resp. Ex. S at 10. The trial court denied the claim, finding in relevant part that this newly discovered evidence was not of such a nature that it would probably produce an acquittal on retrial. Id. at 12. It noted that Walker's trial testimony only played a minor role in Petitioner's prosecution, explaining he merely testified he saw Petitioner in the vicinity of the house fire and that Petitioner had made previous comments about wanting the victims to move out of the neighborhood because "she didn't want her drug boys to get busted" by a potential neighborhood watch group. Id. at 4. The trial court explained that the most incriminating testimony came from state witness Latorya Jones who testified that when she saw one of the homes on fire, she approached Petitioner and that Petitioner told Jones "she had set the house on fire and she was going to stand there and watch it burn."

8

Id. at 5. Based on this record, the Court finds Petitioner has failed to satisfy the actual innocence exception to the time bar.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[5]

---

[5] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Dusty Simmonds, #281545
   Thomas H. Duffy, Esq.